**Constance R. SARVER, Plaintiff and Appellant,**

v.

**Norman L. DATHE, Defendant and Appellee.**

**No. 17531.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 5, 1991.

Decided Feb. 5, 1992.

Linda Lea M. Viken of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for plaintiff and appellant.

Bryce A. Flint of Jackley & Flint, Sturgis, for defendant and appellee.

PER CURIAM.

After remand by this Court, Constance Sarver (Mother) again appeals the circuit court's child support order. We reverse and remand and direct the Presiding Judge of the Eighth Judicial Circuit to reassign this case to a different circuit judge.

## FACTS/PROCEDURAL HISTORY

Mother and Norman Dathe (Father) were divorced in 1979 by the circuit court in Meade County. Father was ordered to pay $225 per month child support for the cou-

ple's only child. In July 1986, Mother filed a petition with the Department of Social Services (Social Services) requesting an increase in Father's child support obligation. Social Services increased Father's child support obligation from $225 to $361 per month. Mother asked Social Services to reconsider the increase because she believed they had failed to consider all of Father's income. Before Social Services could hold a rehearing, Father initiated an action in circuit court attempting to set aside Social Services' $361 order. Father also requested that the tax exemption attributable to the couple's son be assigned to Father. The circuit court postponed ruling on the tax exemption issue and remanded the matter to Social Services for the rehearing.

Social Services held the rehearing and set Father's child support obligation at $435.58 per month. Father then asked the circuit court to review the child support award. The circuit court reduced Father's child support obligation back to $361 and awarded Father the tax exemption for the couple's son. Mother appealed and this Court reversed in part and affirmed in part.

In *Sarver v. Dathe*, 439 N.W.2d 548 (S.D. 1989), which was handed down April 19, 1989, this Court held that because of a procedural deficiency the circuit court did not have authority to reduce Father's support obligation. This Court also held that because the relative financial status of the parties would vary depending on which parent received the tax exemption, the circuit court had erred in remanding the case to Social Services without resolving the tax exemption issue. This Court ruled that federal law requires that the tax exemption be given to the custodial parent (Mother in this case). This Court remanded the case and noted:

> There is still, as of this appeal, no determination of Dathe's child support which reflects the proper allocation of the tax exemption. This must be corrected.

Given the jurisdictional confusion of this case, we deem it appropriate and equitable for the trial court to award

arrearages, without interest, retroactive to the time the circuit court entered the fray in October 1986.

This Court also awarded Mother $500 for trial attorney's fees and $1,500 in appellate attorney's fees.

On remand, the circuit court returned the exemption to Mother as ordered by this Court. The circuit court concluded that the financial situation of the parties was not changed by the shift of the exemption to Mother. The circuit court again set child support at $361.

Then, the circuit court decided Father lost money because of this Court's decision regarding the tax exemption. The circuit court decided that Father lost $1,323 from 1985–1989 because he did not have the exemption. On April 9, 1991, the circuit court ordered Mother to pay Father $1,323 for these losses. In the same order the circuit court finally ordered Father to pay the attorney fees awarded in this Court's 1989 opinion ($2,000). The circuit court offset the two amounts and entered judgment for Mother for $677. The circuit court ordered that the $677 judgment would carry interest from September 2, 1990. Because the circuit court did not modify the child support amount it determined there were no arrearages to be paid. Mother appeals.

## DECISION

On April 19, 1989, this Court clearly held that Mother was entitled to claim the tax exemption and was entitled to $2,000 in attorney's fees. This Court remanded the matter to the circuit court simply to determine the amount of child support after assessing the effect of attributing the tax exemption to Mother.

■ It took the trial judge two years to enter the order granting the attorney's fees awarded in Mother's first successful appeal. Immediately after remand, Mother submitted an order to the trial court for $2,000 in attorney's fees specified in this Court's opinion. The trial court entered

this order on November 27, 1989. Father filed an *ex parte* motion to quash the order implementing this Court's award of Mother's attorney's fees. The trial court granted the motion to quash. Mother was not given notice of the motion until after the trial court had already ruled against her. It was unprofessional for Father's attorney to file such a motion without giving Mother notice of the motion. The trial court knew Mother had not been notified of the motion. It was improper for the trial court to grant such an unjustifiable *ex parte* motion.

■ Moreover, Father's argument that the order should be quashed because he had not received due process was clearly lacking in merit. Father was given due process before this Court and we awarded attorney's fees. The trial court was simply issuing an order as directed by this Court. We reverse the order vacating the November 27, 1989 attorney's fees order. We intend that this has the effect of reinstating the November 27, 1989 order for attorney's fees. We also intend that Mother should be able to collect appropriate interest on that judgment amount from November 27, 1989 until paid.

■ There is simply no excuse for the untimely handling of this case by the trial court. This Court had already directed that Mother be paid $2,000 for attorney's fees. The trial court did not need to make any decision regarding the attorney's fees and certainly had no jurisdiction to amend this Court's directions in that regard. Still, Mother was forced to wait two years without the use of that money because the trial court did not enter an order which should have been entered immediately. The trial court did not stop at that. The trial court went out of its way to deny Mother the ability to collect interest on the withheld money.[1]

■ In the first appeal we ordered the circuit court to award the tax exemption to Mother and then recalculate child support.

---

1. The judgment was for $667 (the difference between $2,000 and $1,323). In other words, the circuit court awarded both Father and Mother interest from September 2, 1990. This had the effect of negating Mother's interest on the attorney's fees from September 2, 1990 forward (except interest on the $667).

The circuit court did more than we directed it to do on remand. Besides giving Mother the exemption, the circuit court also ordered her to pay Father $1,323 to compensate him for losing the exemption. In effect, Mother has the tax exemption but the circuit court gave the monetary benefits to Father. The circuit court's actions were contrary to our unequivocal directions and, as a result, *Mother is now worse off than before she prevailed on appeal.* We reverse the trial court's April 9, 1991 order in its entirety.

■ We specifically directed the trial court to recalculate child support after determining the effect of attributing the tax exemption to Mother. *See* SDCL 25–7–6.10(3). The circuit court did not recalculate child support. It is simply illogical to conclude that shifting a tax exemption from one parent to another will have absolutely no effect on the parents' relative incomes. We can only conclude that the circuit court ignored our direction to recalculate the child support.[2]

The circuit court did not handle this case in a thorough or professional manner. As noted above, Mother is now worse off then she was before she prevailed on appeal. We have no alternative but to reverse and remand. Unfortunately, the parties will be forced to expend time, energy and money relitigating issues in a case which should have been resolved long ago. Because we want to be sure this case is finally and fairly resolved on remand, we direct the Presiding Judge of the Eighth Judicial Circuit to reassign this case to a different circuit court judge within that circuit.

Mother filed a motion requesting that we order Father to reimburse her for attorney's fees and costs associated with this appeal. We award Mother her entire request totaling $2,404.03. Reversed and remanded with directions.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.

---

2. Similarly, we are forced to conclude that the circuit court ignored our direction that it calculate arrearages due as a result of any change in child support. This Court directed that these arrearages should be calculated from October 1986, when the circuit court "entered the fray." From October 1986 through June 1987, Father paid $225 per month in child support. From July 1987 through November 1987, Father paid $330 per month. Father paid $361 from December 1987 on. Even if we assume the circuit court's child support calculation of $361 was correct, an arrearage of $1,410 should have been awarded to Mother. Yet, the circuit court did not calculate any arrearages.